**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| LEE FLOYD KIBLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 2:04-cv-243-RLY-WGH |
| | ) | |
| THOMAS A. WEBSTER, M.D., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Concerning Selected Matters**

The court, having considered the above action and the matters which are pending, makes the following rulings:

1. The plaintiff's request to file his objection out of time to the portion of the order of June 13, 2005, wherein the court denied the plaintiff's renewed motion for the appointment of counsel, is **granted.** The plaintiff's objection to that ruling, which is treated as a motion to reconsider, is **denied** for the reasons stated in that ruling.

2. "If a dispute has been resolved, or if it has evanesced because of changed circumstances, it is considered moot." *La. Envtl. Action Network v. United States Envtl. Protection Agency,* 382 F.3d 575, 581 (5th Cir. 2004) (citing *Am. Med. Ass'n v. Bowen,* 857 F.2d 267 (5th Cir. 1988)). It is evident from the plaintiff's filings in this action that his dispute over medical care–past and present–has not been resolved. Accordingly, the defendants' motion to dismiss the action as moot is **denied.**

3. The defendants' motion to reconsider the denial of their motion to dismiss is also **denied** because of the discussion of a district court's remedial authority in *Simmat v. United States Bureau of Prisons,* 413 F.3d 1225, 1231-36 (10th Cir. 2005). Nonetheless, the defendants are correct that (a) an injunction compelling the defendants to provide different medical care to the plaintiff could only be issued against them in their official capacities, *Greenawalt v. Indiana Department of Corrections,* 397 F.3d 587, 589 (7th Cir. 2005) (citing *Luder v. Endicott,* 253 F.3d 1020, 1024-25 (7th Cir. 2001)), (b) a claim asserted pursuant to the theory recognized in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), is by definition an individual capacity claim--it cannot be maintained against the United States. *F.D.I.C. v. Meyer,* 510 U.S. 471, 485 (1994); *Carlson v. Green,* 446 U.S. 14, 21 (1980); *Sterling v. United States,* 85 F.3d 1225, 1228-29 (7th Cir. 1996)

(an action seeking only monetary relief from individual federal officials for a constitutional violation may be brought as a *Bivens* action "to avoid the sovereign immunity that would block an action against the United States."); and (c) the injunctive relief sought by the plaintiff regarding the circumstances of his medical care could not be maintained against the defendants in their individual capacities, *i.e.,* in an action brought only pursuant to *Bivens.*

      4.    The plaintiff's second amended complaint improperly incorporates by reference the first amended complaint. Even though the first amended complaint is attached to the second amended complaint, the proper format for the second amended complaint is to be complete within the four corners of the document; incorporating an entirely separate pleading is not proper. The second amended complaint filed on August 2, 2005, is therefore **stricken and shall be returned to the plaintiff with his copy of this Entry.**

      5.    The plaintiff shall have **through September 15, 2005, in which to re-submit a second amended complaint which is itself a complete document.** The second amended complaint shall not in this instance be accompanied by any quantity of exhibits or "evidence" which the plaintiff believes support his claims. The existence of such documentation here would be contrary to the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."

      6.    The time within which the parties shall have to file any further dispositive motion, including any motion for summary judgment, **is extended until further order.**

      **IT IS SO ORDERED.**

Date: September 6, 2005

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Lee Floyd Kibler   04299-025
U.S. Penitentiary
P O Box 33
Terre Haute, IN 47808

Jeffrey L. Hunter
Office of the United States Attorney
10 West Market Street   Suite 2100
Indianapolis, IN   46204-3048

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**